IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DIEGO PINON GARCIA,

Petitioner,

vs.

WARDEN OF THE LINCOLN COUNTY JAIL, in their official capacity; SAM OLSON, ERO Field Office Director, ICE St Paul, in their official capacity; TODD LYONS, Acting Director, United States Immigration Customs Enforcement, in their official capacity; MARKWAYNE MULLIN, Secretary of Homeland Security, in their official capacity; and TODD BLANCHE, Attorney General of the United States, in their official capacity;

Respondents.

**8:26CV364**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Diego Pinon Garcia's Petition for Writ of Habeas Corpus. Filing No. 1. He argues he is being unlawfully held without being afforded a bond hearing before an immigration judge. Respondents argue Petitioner is not entitled to a bond hearing. For the reasons set forth herein, the Court grants the Petition and orders Respondents to release Petitioner.

## I. BACKGROUND

Petitioner is a native and citizen of Mexico. Filing No. 6 at 4. He has had numerous lawful entries on visitor visas since 2000, including one which he overstayed for nearly nine and half years from 2014 to 2024. *Id.* On January 3, 2025, Petitioner entered the United States on advanced parole which was set to expire April 26, 2025. *Id.* On May 26, 2026, Petitioner was arrested in North Dakota. *Id.* Respondents allege Petitioner

was arrested for driving under the influence and then assaulted a correctional officer at the jail resulting in additional charges. *Id.* Petitioner argues he was arrested for falling asleep at the wheel and did not assault an officer but was instead tased and stripped of his clothing and falsely accused of assaulting an officer. Filing No. 1 at 11. It appears these criminal matters remain pending.

On May 27, 2026, Petitioner was released from state custody and taken into ICE custody. Filing No. 6 at 4. Petitioner remains in removal proceedings with his next hearing set for September 28, 2026. *Id.* He has been denied a bond hearing and remains detained in the Lincoln County Jail in North Platte, Nebraska.

Petitioner seeks a writ of habeas corpus ordering Respondents to release him or provide him with an individualized bond hearing. Filing No. 1.

## II. STANDARD OF REVIEW

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). This includes immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner seeking habeas relief must demonstrate he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

Respondents argue that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(a),[1] pointing to *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). In *Avila*, the

[1] Under 8 U.S.C. § 1226(b), the Attorney General "may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Courts have held that in order to comport with due process, a bond revocation must involve an individualized determination requiring the government to show changed circumstances that now make the immigrant a flight risk or danger. *See,*

Eighth Circuit Court of Appeals approved of DHS's novel interpretation of the INA to conclude that immigrants already present in the country can be treated as arriving aliens seeking admission and mandatorily detained under § 1225(b)(2)(A). Previously, § 1225(b)(2)(A) applied only to non-citizens seeking initial entry into the country, while 8 U.S.C § 1226(a), which allows for an individual's release on bond, applied to those apprehended in the country. Prior to the Eighth Circuit's decision, the undersigned had found DHS's interpretation of the INA to be incorrect. *See Chavez Avila v. Bondi*, No. 8:25CV729, 2026 WL 63328, at *2 (D. Neb. Jan. 8, 2026). Numerous district courts across the country as well as the Second Circuit Court of Appeals, Eleventh Circuit Court of Appeals, and Sixth Circuit Court of Appeals have agreed. *See Barbosa da Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395, at *1 (11th Cir. May 6, 2026); *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891, at *1 (6th Cir. May 11, 2026). However, the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026), and the Eighth Circuit in *Avila v. Bondi* have disagreed. The Court is bound by the Eighth Circuit's precedential ruling in *Avila*.

But Petitioner's situation is distinct from that set forth in *Avila*. In issuing the warrant for Petitioner's arrest, Respondents invoked § 1226, not § 1225. *See* Filing No. 6-2 at 1 (warrant addressed to "[a]ny immigration officer authorized *pursuant to sections 236* [8 U.S.C. § 1226] and *287* [8 U.S.C. § 1357] of the Immigration and Nationality Act

*e.g.*, *O.F.C. v. Almodovar*, No. 25-CV-9816 (LJL), 2026 WL 74262, at *7 (S.D.N.Y. Jan. 9, 2026) (citing *In re Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981)). Therefore, had they so chosen, Respondents could have attempted to revoke Petitioner's bond on the argument that his new criminal charges make him a flight risk or danger. However, Respondents have not chosen to pursue this avenue for detaining Petitioner. Instead, they proceed solely on a theory that § 1225(b)(2)(A) renders Petitioner subject to mandatory detention as an arriving alien seeking admission.

and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations."). Now, Respondents claim Petitioner is actually detained under 8 U.S.C. § 1225(b)(2)(a) rather than § 1226. But, "courts may not accept . . . *post hoc* rationalizations for agency action," and "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983). "Put simply, the Government is not allowed to change horses midstream. It is stuck with the horse on which it rode into court," which, here, is 8 U.S.C. § 1226. *Souleimane C. v. Blanche*, No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026); *accord Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-CV-131, 2026 WL 926725, at *1 (D. Neb. Apr. 6, 2026) ("If the government was going to detain the petitioner for removal proceedings, [his apprehension at the border] was the time. Instead, the government decided to release him on conditional parole—and when it did so, the petitioner's detention and removal were subject to the statutory scheme in § 1226."). Noncitizens detained under 8 U.S.C. § 1226(a) are entitled to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Lastly, even if Respondents had not previously chosen to invoke § 1226 in Petitioner's case, the Court would nevertheless find that his detention without the opportunity for a bond violates his due process rights under the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, (1976), as set forth in *Espinoza-Avalos v. Blanche*, No. 8:26CV191, 2026 WL 1396593, at *3 (D. Neb. May 19, 2026). Accordingly,

IT IS ORDERED:

1. Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, is granted.

2. Respondents shall release Petitioner from custody as soon as practicable, no later than 48 hours from the filing of this Order.
3. Respondents must release Petitioner with all personal effects including identification documents and immigration documents, and without conditions such as location tracking devices.
4. Respondents shall provide the Court with a status update concerning Petitioner's release by no later than **5:00 P.M. on August 24, 2026.**
5. Should Respondents re-detain Petitioner, they must afford him a prompt bond determination hearing.

Dated this 18th day of August, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge